ALMIRA LYON vs. HENRIETTA WILCOX ET AL.

Third Judicial District, Bridgeport, October Term, 1922.
WHEELER, C. J., CURTIS, BURPEE, KEELER and WEBB, Js.

General Statutes, § 6073, authorizes courts of equitable jurisdiction to
    order the sale of property owned by two or more persons, when,
    in the opinion of the court, a sale will better promote the interests
    of the owners. *Held* that the fact that persons owning substantial
    interests in the property preferred a partition to a sale, did not
    preclude the court from ordering a sale if it found that such course
    would better promote the owners' interests.
Such a conclusion, reached by the trial court upon subordinate facts
    warranting it—as in the present case, will not be disturbed by this
    court upon appeal; nor is the conclusion in any wise invalidated
    or impaired because it happens to coincide with a like conclusion
    and recommendation of the committee to whom the cause was
    referred to find and report the facts.
A motion to erase upon an alleged ground the truth of which "appears
    in the pleadings," is properly denied, if an inspection of the plead-
    ings shows that the alleged ground of dismissal, so far from being
    admitted by the pleadings, is a controverted issue between the
    plaintiff and some of the defendants.
An allegation that the pleader has "no knowledge or information suffi-
    cient to form a belief," respecting certain averments, is in effect
    a denial of those averments.
An appellant in this court is confined to the alleged errors specified in
    his reasons of appeal: no others are entitled to consideration.

Argued October 26th, 1922—decided January 10th, 1923.

SUIT for a partition or sale of real estate owned by
the parties in common, brought to the Superior Court
in Fairfield County and referred to a committee who
reported the facts; the court, *Wolfe, J.,* accepted the
committee's report, overruling remonstances thereto,
and rendered judgment ordering a sale of the property,
from which the plaintiff and two of the defendants
appealed. *No error.*

*Raymond E. Hackett,* for the appellant (plaintiff).

*Thomas M. Cullinan*, with whom, on the brief, was *George A. Slater*, for the appellants (defendants Slater and Sours).

*James E. Brinckerhoff* and *Thomas J. Ryle*, for the appellees (defendants Chester and Mills).

CURTIS, J. The complaint asks, by way of equitable relief, for the partition among the cotenants of an island in Long Island Sound opposite the town of Greenwich, in quantity about eighteen acres, known as Great Captain's Island, or, if partition cannot be had without material injury to the rights of cotenants, then a sale of the premises and a division of the proceeds between the parties, according to their rights.

Certain cotenants pleaded in defense, in their answer, that the interest in the Island of certain parties came to them by devise or descent from individuals whose estates had never been administered in Connecticut. The plaintiff, in effect, denied these allegations. The committee found facts from which it might reasonably have been concluded by the court that these allegations in defense were established.

The report disclosed that the ownership of the parties, respectively, in said estate is in fee simple, in the following proportions:—

| | |
|---|---|
| George R. Chester | 19344/28800 |
| Almira Lyon | 5812/28800 |
| William A. Sours | 1674/28800 |
| Eva S. Slater | 1674/28800 |
| Leonard M. Searles | 148/28800 |
| Benjamin Mills, Jr. | 37/28800 |
| Marie A. Mills | 37/28800 |
| Theodore Mills | 37/28800 |
| Florence A. Mills | 27/28800 |

The court further concluded that under the committee's finding a sale would better promote the inter-

ests of the owners than a partition, and thereupon adjudged that the property be sold.

The action, with its alternative claims for relief, was brought under the provisions of General Statutes, §§ 6067 and 6073.

Section 6067 reads in part as follows: "Courts having jurisdiction of actions for equitable relief may, upon the complaint of any person interested, order partition of any real estate held in joint tenancy, tenancy in common or coparcenary. . . ." Section 6073 reads in part as follows: "Courts of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any estate, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners. . . ."

The appellants claim that where substantial interests in the property request a partition instead of a sale, a sale cannot equitably be ordered. "Partition of lands, held in common, is matter of right." *Beecher* v. *Beecher*, 43 Conn. 556, 560. It was well recognized that a partition of property might be attended with trouble, inconvenience and hardship to the parties, and to correct such a result the alternative remedy, of a sale by order of court, is given by statute when, in the opinion of the court, a sale "will better promote the interests of the owners." The court must conclude, as it did in this case, from the subordinate facts, that a sale will better promote the interests of the owners. If the subordinate facts support this finding, as they do in this case, that is sufficient to justify the order of sale. The question for the court to determine in such a case is whether, under all the facts and surrounding circumstances disclosed by the report, a sale will better promote the interests of the owners. The mere fact that the majority interest, or the majority in numbers holding an interest in the property, request a partition

instead of a sale, does not preclude the conclusion by the court from the facts found that a sale will better promote the interests of the owners. General Statutes, § 6073. In the remonstrance, objection is made to the making of a finding by the committee (as in paragraph ten), that a sale of the land would better promote the interests of the owners. That is a conclusion which the court must arrive at from the subordinate facts found, and in this case the court did so conclude, as appears in the judgment-file. A committee may find the facts and recommend the conclusion that underlies the judgment. The recommendation is not conclusive upon the court. *Stehlin-Miller-Henes Co.* v. *Bridgeport,* 97 Conn. 657, 665, 117 Atl. 811. The finding in paragraph ten of the report of the committee objected to, is in effect a recommendation of a conclusion from the subordinate facts found, and the court so treated it, and reached its own conclusion from the facts reported. The mere fact that the court reached a conclusion which coincided with the recommendation of the committee, is immaterial and in no way invalidates the report or the judgment.

The foregoing discussion disposes of all the reasons of appeal except the following: "The court erred and mistook the law in denying the motion of said defendants [Slater and Sours] to dismiss and erase said action from the docket." The ground for this motion was that it appeared "from the pleadings that all the right, title and interest which belong or may belong to some of the defendants in said action would come to them from estates of decedents, and that said estates have never been administered in the State of Connecticut and have never been settled or distributed in this State and the debts and liabilities of said estates have never been satisfied." The court denied this motion because an examination of the pleadings disclosed that,

while certain defendants had pleaded in effect that the interest of certain parties in the Island came to them by devise or descent from predecessors in title whose estates had never been administered in Connecticut, and although the defendant Chester had admitted these allegations in part, yet the plaintiff had denied them, and therefore it could not be said that the truth of the allegations "appears from the pleadings." The reply of the plaintiff, of "no knowledge or information sufficient to form a belief" as to these allegations, is in effect a denial. *Banks* v. *Moshier*, 73 Conn. 448, 47 Atl. 656; *Sayles* v. *FitzGerald*, 72 Conn. 391, 396, 44 Atl. 733. The condition of the pleadings being in fact as stated by the court, the denial of the motion was obviously not erroneous. The court, *Maltbie, J.*, in its memorandum denying the motion, also stated its opinion as to the effect of General Statutes, § 6079, upon the controversy if the situation claimed had "appeared from the pleadings." Section 6079 reads: "No partition, or sale in lieu of partition, shall be made of any property, real or personal, belonging wholly to an estate in settlement in any court of probate, until such estate is ready for distribution." The court, *Maltbie, J.*, then expressed its opinion as to whether or not this statute had any application to the situation alleged in the answer of certain defendants as to the derivation of title of several interests in the Island. The committee found certain stipulated facts from which it could reasonably have been claimed that the allegations in the answer of certain defendants were established, to the effect that the interest of certain parties in the Island came to them by devise or descent from persons whose estates had never been administered in Connecticut.

The reasons of appeal do not contain any claim of

error on the part of the court in rendering judgment upon the report, based upon any refusal of the court to hold that such allegations were established by the facts found, or upon any ruling of the court as to the effect of the proof of such allegations under § 6079. There is not, therefore, before us any reason of appeal permitting a consideration of these questions.

There is no error.

In this opinion the other judges concurred.