CHARLENE KARANIAN *v.* RICHARD MAULUCCI, SR., ET AL.

BOGDANSKI, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued May 4—decision released August 18, 1981

*Joseph Neiman,* for the appellant-appellee (named defendant).

*Bruce S. Beck,* with whom, on the brief, was *Jon D. Berman,* for the appellee-appellant (plaintiff).

ARMENTANO, J. In order for this court judiciously and efficiently to consider claims of error raised on appeal, instructions for the preparation of an appellant's brief are set out in Practice Book § 3060F. A similar set of instructions for the appellee's brief are laid out in Practice Book § 3060G. In this appeal, the defendant has ignored each of the subsections of § 3060F. We also note that the plaintiff did not rebut the arguments made by the defendant in his appeal and that the defendant did

not address the issues raised by the plaintiff in her cross appeal. This made it extremely difficult for this court to focus upon and decide the issues raised by the parties.

Neither party[2] claims error in the trial court's finding of the following facts, which are contained in the memorandum of decision: In 1977, Charles Karanian, father of the plaintiff, and Richard Maulucci, Sr., agreed (1) to enter into a joint enterprise to open and operate a roller-skating rink in Wallingford, Connecticut; (2) to a 50 percent share for each of them in the business; (3) to change eventually the joint enterprise into a corporation and (4) to contribute twenty thousand dollars each to the business as a capital investment. Karanian made his contribution and named the plaintiff as the holder of the beneficial interest of his investment. Maulucci, Sr., never fulfilled his promise to make a similar contribution of cash.

In September, 1977, Maulucci, Sr., filed with the office of the secretary of the state a certificate of incorporation, an appointment of statutory agent for service, and an organizational and first annual report. These documents listed as officers and directors the plaintiff, Maulucci, Sr., and Richard Maulucci, Jr., the son of Maulucci, Sr. These individuals were also listed as the incorporators. However, no other corporate papers or stockholder's agreements have been prepared, no stock has been

[2] All references to the plaintiff in this opinion are to Charlene Karanian. All references to Karanian are to the plaintiff's father, Charles Karanian. There is only one plaintiff in this appeal. Although both Richard Maulucci, Sr., and his son, Richard Maulucci, Jr., were named as defendants, only Maulucci, Sr., has appealed. References to the defendant are to him. In the record, the name Richard Maulucci also appears. We assume that that individual is the same person as Richard Maulucci, Sr.

issued, no corporate meetings, except for the organizational meeting, have taken place and no corporate bylaws have been adopted.

The corporation began its roller-skating operations in late 1977. Karanian rendered legal and managerial services. Maulucci, Sr., participated in the management of the business, supervised the renovation of the building housing the rink, and managed the daily operation of the business with the assistance of Maulucci, Jr.

In the latter part of March, 1978, Maulucci, Sr., barred Karanian from the business premises and took over complete control of the business operation. The dispute between the parties had escalated to the point where it was no longer feasible for them to operate the business as equal owners. As a result, the plaintiff commenced this action, claiming an accounting, damages, the appointment of a receiver and other relief.

On the basis of these facts, one of the trial court's conclusions was that "[a]s a consequence of the neglect to implement the agreement to operate as a corporation, the corporate entity may be a shield for Karanian and Maulucci against the outside world so as to protect them from personal liability for corporate activities, but *as between themselves,* they, in essence and in reality, have only a partnership, with each having a fifty percent interest therein." (Emphasis added.) Both parties claim that the trial court erred in reaching this conclusion. We agree.

Public policy does not permit a partnership to do business under the guise of a corporation as to the rest of the world while as between themselves the

enterprise conducted in the corporate form is in fact a joint venture or partnership. *Seitz* v. *Michel,* 148 Minn. 80, 83–84, 181 N.W. 102 (1921); *Carpenter* v. *Weichert,* 51 App. Div. 2d 817, 818, 379 N.Y.S.2d 191 (1976); 59 Am. Jur. 2d 938, Partnership § 12. "If they adopt the corporate form, with the corporate shield extended over them to protect them against personal liability, they cease to be partners and have only the rights, duties and obligations of stockholders. They cannot be partners *inter sese* and a corporation as to the rest of the world." *Jackson* v. *Hooper,* 76 N.J. Eq. 592, 599, 75 A. 568 (1910). The trial court erred in its conclusion that the parties could be a corporation and a partnership at the same time. It found, however, sufficient facts, which are not disputed, from which we can conclude that the legal entity in existence is a corporation and not a partnership.

A corporation derives its existence from the state. *Hopewell Baptist Church* v. *Craig,* 143 Conn. 593, 599, 124 A.2d 220 (1956). A corporation is formed under the General Statutes when the incorporators execute and file a certificate of incorporation and an appointment of statutory agent for service with the secretary of the state. General Statutes § 33-289 (a) (1). Its existence begins from the time the secretary of the state endorses the certificate of incorporation. General Statutes § 33-289 (a) (2); *Vogel* v. *New Milford,* 161 Conn. 490, 493–94, 290 A.2d 231 (1971); see Cross, Corporation Law in Connecticut § 3.3. The trial court found that the two required documents were executed and filed. Also included in the record is a certified copy of the certificate of incorporation endorsed by the secretary of the state. Therefore, on the basis of the record and the undisputed facts,

we are able to conclude that the roller-skating business conducted by Karanian, Maulucci, Sr., and their respective children operated as a corporation and not as a partnership.

Because we have concluded that a corporation, and not a partnership, is in existence, it is not necessary to consider the defendant's second claim that Karanian made the plaintiff a member of the partnership without the consent of Maulucci, Sr. See General Statutes § 34-56 (g).

The defendant's third and final claim involves General Statutes § 42a-8-319. This statute deals with the enforceability of an oral contract for the sale of securities. The third count of the plaintiff's complaint alleges that the parties orally agreed to contribute $20,000 towards the capitalization of the corporation, that the plaintiff made her contribution, and that she failed to receive the stock certificates. These allegations formed a basis for the various kinds of relief claimed by her, including general equitable relief. In an attempt to defeat the plaintiff's action, the defendant raised the issue of § 42a-8-319. On appeal, the defendant argues that the trial court found the agreement between the parties "to exist through surmise and conjecture because the Statute of Frauds [§ 42a-8-319] would have prevented the reception of oral evidence to this point." He also claims that because of the trial court's failure to address the issue, a new trial should be ordered.

Even if we assume that the agreement between the parties falls within the purview of § 42a-8-319; see *Cooper* v. *Vitraco, Inc.,* 320 F. Sup. 239, 241–42 (D.V.I. 1970); the plaintiff's payment of the

$20,000 as a capital investment in the corporation is sufficient to take the agreement out of the statute of frauds. Full performance of the plaintiff's promise allows her to claim relief based on the agreement, even though it was not in writing, because all the stock would have been paid for. *Burns* v. *Gould,* 172 Conn. 210, 220–21, 374 A.2d 193 (1977). The trial court's finding that the plaintiff made a payment of the agreed upon $20,000 as a capital investment has not been disputed on appeal. Furthermore, the evidence provides no reasonable explanation for this payment other than as a capital investment in the corporation as the trial court found.

In her cross appeal, the plaintiff raised a second issue in addition to the one pertaining to whether the business was operating as a corporation or as a partnership. It deals with whether the defendant lost all his interest in the roller-skating business because of his failure to contribute his $20,000 capital investment as agreed. The trial court retained jurisdiction of this case and held that if the parties were unable to resolve their differences in accordance with its opinion, then it would appoint a receiver, dissolve the corporation, and hear further evidence to determine if Maulucci, Sr., contributed to the capital of the business in any other manner besides a cash payment. If it is found that Maulucci, Sr., did not make the agreed upon contribution in one form or another, then the court-appointed receiver may proceed in accordance with General Statutes §§ 33-342 and 33-383 (c) and call subscriptions for the corporation's shares by installments, initiate suit against Maulucci, Sr., to collect the unpaid amount, or sell the shares at public auction. Because there has not yet been a determination of whether Maulucci contributed in any other

manner or a winding-up and dissolution of the corporation, we will not at this time consider further this claim. See General Statutes § 33-383 (h).

The parties have not claimed that the trial court erred in any of its other conclusions; likewise, we have dealt with their claimed errors dealing with the trial court's orders for relief. In view of this opinion, however, there must be a modification of the following order by the trial court: "The parties are directed within 30 days to report to [the trial] court as to whether or not . . . they can jointly operate the business, or if they fail to report to the court within that 30 day period, then this [trial] court will appoint a receiver, order a dissolution of the corporation, *a closing up of the business of the partnership* and a sale of the business, and will hear further evidence on how and in what amounts the net proceeds should be divided between Karanian and Maulucci. In the meantime [the trial] court will retain jurisdiction of this case until it has entered a final judgment." (Emphasis added.)

Since we have decided that all relationships between the parties have been replaced by a corporate one, that portion of the order referring to "a closing up of the business of the partnership" must be deleted. If the relationship between the parties is to be terminated, it will be done in accordance with the statutes for dissolving and winding up a corporation and the rights of the parties determined accordingly. See General Statutes §§ 33-382 and 33-383.

There is error in part, the judgment is set aside and the case is remanded for further proceedings in accordance with the law.

In this opinion the other judges concurred.