[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
By a twenty-six count revised complaint dated and filed with the court on March 6, 1995, the plaintiff, Edward Lougee (Lougee), seeks compensatory and punitive damages against defendants Arthur A. Tanner, Barton A. Bauers, Jr., John Lorenze, John L. Raudat, and Standard-Knapp, Inc., (SKI) as result of his termination of employment from SKI.
According to the complaint, the facts are as follows. The defendants, all former employees of SKI, entered into an "agreement of partnership"[1] to purchase SKI from its former owner, John Anderson. The complaint alleges that the "intent of the venture would be to secure for each and every partner a guarantee of financial and employment security." (First Count, ¶ 10). Subsequently, the defendants, along with Lougee, formed a second partnership, named S-K Realty, to purchase SKI's building and real property.
On December 23, 1984, the so-called "first partnership" formed a corporation now known as SKI. Lougee and the defendants were made officers, directors, and shareholders of SKI, and had achieved their goal of purchasing the business from their former employer. On April 8, 1991, however, defendant Tanner terminated Lougee as an employee, director, and officer of SKI apparently because Lougee lacked the necessary skills and education. CT Page 10823
Counts 11 through 14 of the revised complaint allege that each of the named defendants breached their fiduciary duty of good faith and loyalty owed to Lougee under the "first partnership. " On March 8, 1995, the defendants filed a motion for partial summary judgment as against counts 11 through 14 on the ground that there are no genuine issues of material fact in dispute, and that summary judgment should enter as a matter of law. The defendants assert that they did not owe any fiduciary duty to Lougee under the "first partnership" because no legal partnership ever existed. The defendants further claim that even if such a partnership did exist, any partnership fiduciary duties ceased once the parties incorporated the business.
Lougee opposes the defendants' motion of summary judgment first by claiming that there is a genuine issue of fact in dispute as to the nature of the so-called "first partnership. " Lougee further alleges that fiduciary duties were owed because the "first partnership" was really a joint venture. In contravention of this statement, the plaintiff subsequently alleges in a supplemental brief that fiduciary duties were owed to Lougee by the defendants because of his position as an officer and stockholder of SKI.
Initial briefs and supporting documentation were timely filed by both sides in this case. In addition, two sets of supplemental reply memoranda were also filed.
DISCUSSION
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989).
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Although the party seeking summary judgment has the burden of showing the nonexistence of CT Page 10824 a material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted.) Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99
(1993).
Lougee alleges that the defendants owed him a fiduciary duty as a partner, and therefore claims that his firing constituted a breach of that duty. The defendants counter, however, that no such partnership every existed, and therefor no fiduciary duty were owed or breached. The plaintiff's own deposition testimony would seem to bolster the defendants' claim. Defendants' exhibit A contains the following colloquy between Lougee and defense counsel:
 Q: In your Complaint, you referred to yourself as a partner, Were you a partner of any other partnership besides S.K. Realty that was associated with Standard Knapp?
 A: In terms of the legal definition of partner, no that was the only place I was a partner.
Thus, by Lougee's own admission, the only partnership that existed among the parties was S.K. Realty, and defendants' exhibit A also reveals that S.K. Realty was dissolved once the assets of SKI were acquired, and long before the plaintiff was fired. (Defendant exhibit A, p. 45). On further questioning by defense counsel, the plaintiff admitted that his complaint alleges "an informal partnership. "[2]
Faced with these admissions, the plaintiff, in his brief in opposition to the motion for summary judgment, asserts that this "informal partnership" was really a joint venture, from which fiduciary duties were imposed on the participants. In an attempt to raise an issue of fact as to the relationship of the defendants and Lougee, plaintiff quotes from various portions of Lougee's deposition and from the testimony of Arthur Tanner in an effort to show that a joint venture could have existed, and that the fiduciary duties of the joint venture continued even after the so-called joint venturers incorporated SKI. The plaintiff's claim is in error as a matter of law. CT Page 10825
In Karanian v. Maulucci, 185 Conn. 320, 440 A.2d 959
(1981), the father of the named plaintiff and the defendant entered into a joint venture to operate a rollerskating rink. The joint venturers intended to incorporate the business. The plaintiff's father made an initial investment as agreed, but the defendant never made his contribution. Subsequently, the defendant filed incorporation papers with the Secretary of State which listed the plaintiff, the defendant, and the defendant's son as officers and directors of the corporation. According to the facts, no other corporate papers were ever filed, and no stock had been issued. After a year of operation, the defendant barred the plaintiff from coming on the premises, and took full control of the business. As an officer and director, the plaintiff sued for an accounting. The trial court ruled that "[a]s a consequence of the neglect to implement the agreement to operate as a corporation, the corporate entity may be a shield for [the plaintiff] and [the defendant] against the outside world so as to protect them from personal liability for corporate activities, but asbetween themselves, they, in essence and in realty, have only a partnership. . . ." Id., p. 323.
The Supreme Court soundly rejected the trial court's finding and stated that:
 [p]ublic policy does not permit a partnership to do business under the guise of a corporation as to the rest of the world while as between themselves the enterprise conducted in the corporate form is in fact a joint venture or partnership. `If they adopt the corporate form, with the corporate shield extended over them to protect them against personal liability, they cease to be partners and have only the rights duties, and obligations of stockholders. They cannot be partners inter sese and a corporation as to the rest of the world"
(Emphasis added.) Id. 324.
There is no dispute that the so-called "informal partnership" was transformed into a corporation from which the plaintiff was terminated. Thus, under Karanian, supra, no fiduciary duties of a partnership or joint venture can continue after incorporation. CT Page 10826
In one final effort the avoid summary judgment, the plaintiff asserts that the defendants owed Lougee fiduciary duties because of his status as an officer, director, and shareholder of SKI, and asserts that the defendants could not terminate his employment without cause.
In response, the defendants cite Lobo v. Rock,9 Conn. L. Rptr. 408 (July 15, 1993, Hadden, J.). In that case, a plaintiff doctor alleged a breach of fiduciary duty when her colleague doctors-shareholders terminated her employment from a professional anesthesia corporation of which she was a shareholder and founding member.
The court struck a count of plaintiff's complaint that alleged a breach of a fiduciary duty by the defendants noting that it was:
 unaware of any authority which supports a claim that the termination of employment of an employee-shareholder by action of the other shareholders and the corporation gives rise to a cause of action for breach of a fiduciary duty. There is authority to the contrary.
Id.
Thus, as a matter of law, plaintiff's claim of a breach of fiduciary duty among shareholders and corporate offices for termination is not legally sufficient as a matter of law. There being no genuine issues of material fact in dispute, the defendants' motion for summary judgment as to counts 11, 12, 13, and 14 is granted.
CONCLUSION
For the above stated reasons, the defendants' motion for partial summary judgment on counts 11, 12, 13, and 14 is hereby granted.
Hurley, J.