## JANE E. FOSTER *v.* TOWN OF WATERFORD

PETERS, PARSKEY, ARMENTANO, SHEA and COVELLO, Js.
Argued February 11—decision released April 13, 1982

*Sidney Axelrod,* for the appellant (plaintiff).

*Thomas F. McGarry,* for the appellee (defendant).

PER CURIAM. This appeal challenges the propriety of the trial court's finding that the plaintiff's losing control of the motor vehicle that she was

operating was the sole proximate cause of her resulting personal injuries and damages.

On December 9, 1977, at approximately 5:30 in the morning, the plaintiff was operating her 1974 Chevrolet Blazer in a southerly direction on Oil Mill Road in the town of Waterford. It was a cold, dark and drizzly morning while she drove to work as a waitress in East Lyme. While traveling along the narrow, two-lane country road the plaintiff's motor vehicle hit a patch of ice. The motor vehicle then crossed the northbound lane and mounted an embankment on the northbound side of the road. The top of the embankment consisted of a three-foot high stone wall. A boulder, approximately eighteen inches in diameter, lodged between a front wheel and the frame of her motor vehicle and prevented the plaintiff's control of steering. The source of the boulder is disputed. The plaintiff's motor vehicle traveled along the embankment for approximately eighty-five feet and then turned over onto the road. At some point while the motor vehicle traveled on its top forty-nine feet farther, the plaintiff was ejected from the motor vehicle onto the road. The plaintiff's injuries included permanent nerve, muscle, and spinal damage.

In her action against the defendant for maintaining a defective highway,[1] the plaintiff alleged that the boulder was near the traveled portion of the highway and obstructed her use of the highway,

[1] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair; but no action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer

causing her to lose control of the steering after the skid, and thereby proximately causing her injuries.[2] As a special defense, the defendant claimed that the plaintiff's contributory negligence was "more than slight" when compared with any negligence of the defendant.[3] After a trial to the court, it found that the sole proximate cause of the plaintiff's injuries was her failure to operate her motor vehicle under proper control. The trial court expressly made this finding regardless of whether the motor vehicle initially skidded on ice. Because this finding was dispositive of liability, the trial court did not consider the other issues presented. In the plaintiff's appeal from the judgment rendered against her, the plaintiff claims that the trial court abused its discretion by finding proximate cause without any basis in the facts.[4]

of such corporation, unless the action is commenced by complaint setting forth the injury and a general description of the same and of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice; and, when the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

[2] The record indicates that the plaintiff conceded at trial that two other counts based upon a defective highway, and one nuisance count, had no basis in the evidence.

[3] Comparative negligence under General Statutes § 52-572h does not apply to actions for personal injuries brought under General Statutes § 13a-149. *Lukas* v. *New Haven*, 184 Conn. 205, 212, 439 A.2d 949 (1981).

[4] Although the plaintiff asserts that the memorandum of decision is ambiguous, she did not seek an articulation of the factual basis for the trial court's conclusion as provided in Practice Book § 3082. See *Coburn* v. *Lenox Homes, Inc.*, 186 Conn. 370, 376 n.4, 441 A.2d 620 (1982); *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 222 n.5, 435 A.2d 24 (1980).

In her action pursuant to General Statutes § 13a-149, the plaintiff had the burden of proving, by a fair preponderance of the evidence, that the defective highway was "the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." *Lukas* v. *New Haven,* 184 Conn. 205, 207, 439 A.2d 949 (1981). We have had recent occasion to discuss the nature of proximate cause as an element of negligence. See *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 383–84, 441 A.2d 620 (1982). In that case, we explained that this court will not disturb a trial court's factual finding of proximate cause unless it is clearly erroneous. Id., 386. If the record reasonably and logically supports the conclusion that the plaintiff lost control of her motor vehicle as a result of her negligence and that her failure to maintain control was the sole substantial factor in causing her personal injuries and damages, then the plaintiff has not sustained her burden and the judgment of the trial court must stand. See, e.g., id., 383, and cases cited therein.

On direct examination, the plaintiff testified that she was coasting at a speed of less than twenty miles per hour, with her foot off the accelerator pedal, at the time her motor vehicle skidded on a patch of ice. She further testified that between the time of the skid and her ejection from the motor vehicle, she never applied the brakes or attempted to steer the vehicle. The plaintiff was not wearing her safety belt. According to her version of the accident, the motor vehicle traveled very slowly along the embankment a distance of eighty-five feet before turning over and traveling another forty-nine feet on its top. The admitted fact that the

plaintiff did not apply her brakes or otherwise attempt to control her motor vehicle at any time during the motor vehicle's divergence from the southbound lane reasonably and logically supports the trial court's finding that her failure to control her motor vehicle was the sole proximate cause of her injuries. The court did not abuse its discretion.

There is no error.