HERBERT JANOW *v.* TOWN OF ANSONIA
(4506)

HULL, DALY and BIELUCH, Js.

Argued December 9, 1986—decision released May 19, 1987

*Foster M. Young,* for the appellant (defendant).

*Constance L. Epstein,* for the appellee (plaintiff).

1

BIELUCH, J. The plaintiff brought this action to recover damages from the defendant for injuries, medical expenses and loss of earnings resulting from a fall on a broken curbstone between the public sidewalk and the street pavement on West Main Street in Ansonia. The incident occurred on May 8, 1980, as the plaintiff was reloading sample clothing bags in the trunk of his car after making a sales call to a nearby business. The complaint alleged a breach of the defendant's statutory duty under General Statutes § 13a-149.[1]

The action was heard by an attorney state trial referee appointed pursuant to General Statutes § 52-434 (a) (4),[2] who found the issues for the plaintiff. Upon acceptance of the referee's report after overruling the defendant's objection, the court rendered judgment for the plaintiff.[3] On appeal from that judgment, the defendant claims that the trial referee erred (1) in placing upon the defendant the burden of proving that the plaintiff was guilty of contributory negligence, and (2) in his conclusions of fact. We find no error.

In order to recover under his complaint for breach of statutory duty, the plaintiff must prove, by a preponderance of the evidence (1) that the highway was defective in the manner claimed, (2) that the defendant

---

[1] General Statutes § 13a-149 provides in relevant part: "DAMAGES FOR INJURIES BY MEANS OF DEFECTIVE ROADS AND BRIDGES. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . ."

[2] General Statutes § 52-434 (a) (4) provides in relevant part: "STATE REFEREES. (a) APPOINTMENT OF RETIRED JUDGES AND MEMBERS OF THE BAR. CASES REFERRED. . . . (4) In addition to the state referees who are appointed pursuant to subdivision (1), (2) or (3) of this section, the chief justice may appoint, from qualified members of the bar of the state, as many state referees as he may from time to time deem advisable or necessary. No appointment of a member of the bar may be for a term of more than one year. . . ."

[3] In the trial referee's report filed with the court, he set forth the facts found and a recommendation that judgment enter for the plaintiff to recover damages in the amount of $4750.

actually knew of the particular defect or that, in the exercise of its supervision of highways in the municipality, it should have known of that defect, (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it, having had a reasonable time, under all the circumstances, to do so, and (4) that the defect must have been the sole proximate cause of the injuries claimed, which means that the plaintiff must prove freedom from contributory negligence. *Lukas* v. *New Haven,* 184 Conn. 205, 207, 439 A.2d 949 (1981).

Our concern on review in this appeal is the fourth element of the plaintiff's case, namely, that the defective curbstone was the sole proximate cause of his fall. As a necessary corollary of that requirement, he must show that he was not contributorily negligent. The rule making freedom from contributory negligence a condition precedent to a right of action under the defective highway statute was first established in our jurisdiction in *Bartram* v. *Sharon,* 71 Conn. 686, 43 A. 143 (1899). The court there held that a cause of action under the law that is now General Statutes § 13a-149 for injuries caused by a defective road or bridge "is not an action of negligence, but an action on the statute to enforce a penalty; and the liability created depends on the commission of the very act for which the penalty is imposed." Id., 692. Since the defective highway statute is penal, as well as remedial, in nature, it is to be construed strictly. Under such a construction, in order for the plaintiff to recover, he must have sustained damage while using the defective road "with due care and skill." Id., 695. "All these conditions must concur before the town is liable for any penalty. It follows that an injury caused by the culpable negligence of a traveler, whether to himself or to another, does not happen by means of or through a defect in the highway, even if such defect were a concurring cause." Id.

Because of the statutory basis for an action under § 13a-149, the provision in General Statutes § 52-114,[4] providing that in any action to recover damages for negligently causing injury or death, it shall be presumed that the plaintiff was in the exercise of due care at the time of the commission of the alleged negligent act, does not apply to actions brought against a municipality under the defective highway statute. *Jacen* v. *East Hartford,* 133 Conn. 243, 246, 50 A.2d 61 (1946); *Porpora* v. *New Haven,* 119 Conn. 476, 479, 177 A. 531 (1935).

In accordance with this legal requirement, the plaintiff alleged in his complaint that the fall occurred while he was in the exercise of due care. The defendant denied this allegation, but also alleged as an affirmative special defense that the plaintiff's injuries and losses "were directly and proximately caused by his own negligence" in specified ways. This allegation was denied by the plaintiff in his reply. With the issues framed by the pleadings in this manner, the case was heard by the attorney state trial referee. The only witness who testified was the plaintiff. After his testimony and the introduction of photographic and medical evidence, the plaintiff rested his case. The defendant also rested immediately thereafter without offering any evidence.

The following facts were found by the trial referee in his report: On May 8, 1980, at about 4 p.m., the plain-

---

[4] General Statutes § 52-114, originally enacted in 1939; Public Acts 1939, No. 125; provides as follows: "PLEADING OF CONTRIBUTORY NEGLIGENCE. In any action to recover damages for negligently causing the death of a person, or for negligently causing personal injury or property damage, it shall be presumed that such person whose death was caused or who was injured or who suffered property damage was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant or defendants, and the burden of proving such contributory negligence shall rest upon the defendant or defendants."

tiff fell on the easterly side of West Main Street in Ansonia when he stepped on a broken curbstone with his right foot. As a result of this fall, he received a fracture of the right foot which resulted in a permanent disability of 5 percent. He had completed a sales call and was in the process of reloading his automobile with several large sample garment bags at the time of the occurrence. His car was then parked in a metered space alongside the sidewalk and curbing. Immediately upon his injury, the plaintiff viewed the curbstone and noticed that the broken area of the curb was discolored and contained debris, as if it had been in existence for some period of time. Photographs of the site showed evidence of fresh cement adjacent to the area of the damaged curbstone. The broken curbstone constituted a defect, of which the defendant should have known, and which it failed to remedy within a reasonable time. The area was commercial in nature. The town should have expected that pedestrians would traverse the area carrying packages or bundles which from time to time would obstruct their view of the surface of the sidewalk immediately adjacent to their feet. Based on the subordinate facts, the trial referee concluded that the broken curbstone was the sole proximate cause of the plaintiff's injuries and damages. Finding damages in the amount of $4750 as a result of the plaintiff's injuries, the trial referee recommended judgment for the plaintiff in that amount.

Supplementing his report, the trial referee filed a memorandum of decision[5] in which he reviewed the

---

[5] "Having no power to render a judgment, an attorney referee is simply a factfinder whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court. Practice Book §§ 428 through 445. The rules of practice governing procedure in matters referred to committees are also applicable to 'state referees.' Practice Book § 428. A committee is obliged to report to the court 'the facts found and the conclusions drawn therefrom,' but the report may be supplemented with a 'memorandum of decision including such matters

pleadings and the facts found from the evidence. In addition, he recited the relevant law with authorities, and related the facts pertinent to the law and supportive of his conclusion that the defendant had not met the burden of proof which it had assumed by alleging the plaintiff's contributory negligence as a special defense.[6]

The defendant objected to the acceptance of the referee's report on the grounds that the conclusions of

as [the committee] may deem helpful in the decision of the case . . . .' Practice Book § 434. The attorney referee who heard this case filed such a report and memorandum of decision. A party may seek additions or corrections in the facts contained in the committee's report by filing a motion for that purpose. Practice Book § 438. The reviewing court must correct the finding where material facts have been found without evidence or in ambiguous language and also where undisputed facts have been omitted. Practice Book § 439. Before judgment is rendered upon the report, an opportunity for a hearing before the court is provided for the purpose of considering any objections or exceptions to the report. Practice Book § 442. The function of the court is ordinarily to 'render such judgment as the law requires upon the facts in the report as it may be corrected.' Practice Book § 443." (Footnote omitted.) *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 502–503, 508 A.2d 415 (1986).

[6] "Although General Statutes § 52-425, authorizing the appointment of committees 'to hear the evidence and report the facts to the court,' makes no reference to any additional duties, our rules of practice allow a committee to express his views upon questions of law. 'The committee may accompany his report with a memorandum of decision including such matters as he may deem helpful in the decision of the case . . . .' Practice Book § 434. The fact that the attorney referee went beyond the bare statutory requirement of reporting the facts found by including his opinion upon the legal issues involved in the case did not transform his role into a judicial one. The views of a committee upon the law carry no more force than those of the parties in their arguments at the hearing before the court that is to enter judgment. See *Lyon* v. *Wilcox,* 98 Conn. 393, 396, 119 A. 361 (1923); *Stehlin-Miller-Henes Co.* v. *Bridgeport,* 97 Conn. 657, 665, 117 A. 811 (1922). 'The court shall render such judgment as the law requires upon the facts in the report as it may be corrected.' Practice Book § 443. The reviewing court is the effective arbiter of the law and the legal opinions of a committee, like those of the parties, though they may be helpful, carry no weight not justified by their soundness as viewed by the court that renders judgment." *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 509–10, 508 A.2d 415 (1986).

fact made therein were not properly reached on the basis of the subordinate facts found and "that the conclusion that the plaintiff did not have to prove he was free of negligence [was] an erroneous conclusion of law." After overruling the objection, the court rendered judgment in accordance with the referee's report and recommendation.

The defendant's first and principal claim is that the "State Trial Referee erred when he placed the burden of proof re contributory negligence on the defendant."[7] The main thrust of the defendant's argument is that since the plaintiff by pleading due care expressly waived the presumption of reasonable or due care under General Statutes § 52-114, "he should not later benefit when the defendant files a special defense claiming contributory negligence." In support of his claim that the burden of proof rested with the plaintiff to prove his freedom from contributory negligence, the defendant cites *Lukas* v. *New Haven,* supra, 207, and *Foster* v. *Waterford,* 186 Conn. 692, 694, 443 A.2d 490 (1982). These cases are inappropriate to the facts before us. In *Lukas,* the defendant simply denied the plaintiff's allegation that he was in the exercise of due care. There was no affirmative defense of contributory negligence pleaded by the defendant. In *Foster,* the defendant alleged, as a special defense, that the plaintiff's contributory negligence was "more than slight" when compared with any negligence of the defendant. Comparative negligence under General Statutes § 52-572h does not apply to actions for personal injuries brought under General Statutes § 13a-149. *Foster* v. *Waterford,* supra, 694 n.3; *Lukas* v. *New Haven,* supra, 212.

The requirement of the exercise of due care by the plaintiff for recovery under the statute for a defective

[7] See footnote 6, supra.

highway has superimposed over it the defendant's voluntary allegation of contributory negligence, when a simple denial of the plaintiff's necessary due care was sufficient to defend the action on a claim of the plaintiff's negligence. The court was justified in following the pleadings and in assigning to each party the burden of proving the facts affirmatively asserted to be true. A defendant who voluntarily alleges a fact which could also be proven under a simple denial presumably does so with the idea of making his defense appear to be stronger and more aggressive, and invites the court to conclude that he has assumed the affirmative upon that particular issue. He is, therefore, estopped by his own pleading from complaining if the court assigns such burden of proof to him. The plaintiff, however, is still bound to prove the essential allegations of his complaint. *Rix* v. *Stone,* 115 Conn. 658, 664, 163 A. 258 (1932); *Krawitz* v. *Ganzke,* 114 Conn. 662, 664, 159 A. 897 (1932); *Coogan* v. *Lynch,* 88 Conn. 114, 116, 89 A. 906 (1914). See *Southland Corporation* v. *Vernon,* 1 Conn. App. 439, 443, 473 A.2d 318 (1984) ("[o]rdinarily, the allegation of facts allocates the burden of proof to the party pleading them").

In his report to the court, the trial referee specifically found that "[t]he broken curbstone was the sole proximate cause of the plaintiff's injuries and damages." Such a distinct finding means that the plaintiff has proven his "freedom from contributory negligence." *Lukas* v. *New Haven,* supra, 207. A finding concerning this element of the plaintiff's case was the requirement of the trial referee. In his voluntary nonauthoritative supplementary memorandum of decision,[8] however, the referee stated that "[t]he defendant having specially pled contributory negligence as a defense *shifted* the burden of proof to itself," citing *Krawitz*

---

[8] See footnote 6, supra.

v. *Ganzke*, supra. (Emphasis added.) It is upon this incomplete statement of law that the defendant predicates his claim that "the State Trial Referee erred when he placed the burden of proof re contributory negligence on the defendant." *Krawitz* merely holds that a defendant who voluntarily alleges a fact unnecessary to his defense invites the court to infer "that he has assumed the affirmative upon that particular issue." Id. "[T]he plaintiff [is] still bound to prove the essential allegations of [his] complaint . . . ." *Coogan* v. *Lynch*, supra, 116–17.

"It is important to note the distinction between the two senses in which the term 'burden of proof' is ordinarily used. It is a general term which refers to two separate and different burdens: (1) the risk of not persuading the trier of fact, or the burden of persuasion; and (2) the risk of not producing evidence, or the burden of going forward. McCormick, Evidence, pp. 635, 638; 9 Wigmore, Evidence (3d Ed.) §§ 2485, 2487." *State* v. *Brown*, 163 Conn. 52, 65 n.5, 301 A.2d 547 (1972).

The first burden described above—the risk of non-persuasion by the plaintiff that he was in the exercise of due care in order to recover—never shifts, since no fixed rule of law can be said to shift. The second kind of burden, however—the duty assumed by the defendant in his special defense of producing evidence that the plaintiff was contributorily negligent and, therefore, not entitled to recover—does have the characteristic referred to as a "shifting." 9 J. Wigmore, Evidence (3d Ed. Chadbourn) § 2489. Such a "shifting" or assumption of the burden of proving contributory negligence does not remove, offset, cancel or lessen the burden of the plaintiff to prove that he exercised due care and that the defective highway was the sole proximate cause of his injuries and damages in order to recover under § 13a-149. We find the defendant's first claim, therefore, to be without merit.

The defendant's second claim of error is that the trial referee erred in his conclusions of fact based upon the evidence, not only because he misinterpreted that evidence, but also because he applied the wrong burden of proof to that evidence. This claim is based solely upon the finding of the trial referee in the recital of facts in his supplemental memorandum of decision that "[t]he plaintiff, Herbert Janow had passed and repassed over or in the area of the damaged curbstone several times while unloading his automobile." The defendant's entire argument on this claim is as follows: "Here the plaintiff was the only witness and he specifically testified that he passed over the subject defect when his vision was unobstructed and repassed over this same area when his vision was obstructed by himself. . . . *It is obvious that the Trial Referee incorrectly found, based upon this testimony, that the defect was the sole proximate cause of the plaintiff's injury.* Further, the Trial Referee applied the wrong burden of proof to the facts he did find in reaching his conclusions." (Emphasis added.)

The obviousness of the defendant's conclusion of error is not perceived by this court. This claim is based on an isolated subordinate finding taken out of context and is without merit. The only witness who testified was the plaintiff. He stated that he had completed a sales call to a customer and was in the process of returning his sample bags to the trunk of his car when he fell. He had placed the first bag of samples in the car and was returning to the store for another bag when he stepped on the defective curb and twisted his leg because his right foot was trapped in the defect. As a result, he fell to the pavement and suffered his injuries. He was wearing broken-in, low-heel shoes, and he was not carrying anything at the time. The rear of his parked car was close to the defective curb. Photographs in evidence depicted the defective curbing. They

showed that the broken area was discolored and that it contained debris. There was evidence of fresh cement adjacent to the area of the damaged curbstone.

The finding that "[t]he broken curbstone was the sole proximate cause of the plaintiff's injuries and damages" is supported by the evidence and is not erroneous. We find no merit in the defendant's challenge to the findings of the referee or to the judgment in accordance therewith.

There is no error.

In this opinion the other judges concurred.