[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff commenced this action against the City of Ansonia and two individuals who are allegedly owners of property at 30 Hull Street in Ansonia. The plaintiff claims to have received personal injuries at that location as a result of the negligence of the defendants. The City of Ansonia has filed a cross claim against the defendants Paul Sardo and Cynthia Sardo (hereafter called "Sardo") claiming that they negligently created a nuisance by driving vehicles over the sidewalk area where the plaintiff was injured. The City claims judgment against Sardo for any sums that it has to pay to the plaintiff. Sardo has filed a motion to strike the cross claim.
A motion to strike can be used to test the legal sufficiency of a cross complaint. Section 152(3) Connecticut Practice Book. With a motion to strike, the facts alleged in the complaint and facts necessarily implied from those facts are accepted as true, but the motion does not admit legal conclusions. Blancato v. Feldspar Corporation, 203 Conn. 34,36, 37; Burns v. Gleason Plant Security, Inc., 10 Conn. App. 480,482. The defendants Sardo claim, basically, that there can be no joint tortfeasor liability when a town and individuals are defendants in a defective highway case.
The underlying cause of action of the plaintiff is brought under section 13a-149 of the General Statutes which provides that "any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." Where a sidewalk is located within the highway lines the municipality may be liable under this statute. Rodriguez v. New Haven, 183 Conn. 473. Where a claim is made under the defective highway statute, section 13a-149, in order to recover against the municipality the plaintiff must prove that the defective highway was the sole proximate cause of the injuries and damages claimed by the plaintiff. Foster v. Waterford, 186 Conn. 692, CT Page 3038 695; Lukas v. New Haven, 184 Conn. 205, 207; Davis v. Naugatuck, 15 Conn. App. 185, 187. This legal concept has several consequences. First of all, the plaintiff cannot recover from both the City and Sardo. The City is only liable if it is the sole proximate cause of the injuries, in which case the plaintiff cannot recover against Sardo. If the City is not the sole proximate cause of the plaintiff's injuries there will have to be a verdict in its favor whether or not the plaintiff recovers against Sardo for negligence. If the City is not found to be liable to the plaintiff, any claim for reimbursement fails against Sardo. On the other hand, if there is a verdict against the City, it be on the basis that it was the sole proximate cause for the plaintiff's injuries, in which case Sardo has no liability and no duty to indemnify the City. No matter which scenario develops at the trial, the City cannot recover anything from Sardo on the cross complaint.
The motion to strike is granted.
ROBERT A. FULLER, JUDGE