NORTHEAST ENTERPRISES v. WATER POLLUTION CONTROL AUTHORITY OF THE TOWN OF ORANGE ET AL. (10075)

DUPONT, C. J., LAVERY and LANDAU, Js.

Argued November 1, 1991—decision released February 4, 1992

*Jeffrey M. Sachs,* for the appellant (plaintiff).

*Hanon W. Russell,* for the appellees (defendants).

LANDAU, J. This is an appeal by the plaintiff from an assessment of benefits by the defendant, the water pollution control authority of the town of Orange (WPCA),[1] made in connection with the construction of a sewer line on property owned by the plaintiff.[2] The plaintiff claims that the trial court improperly (1) concluded that General Statutes § 8-24 was not applicable to an appeal from an assessment of benefits under General Statutes §§ 7-249 and 7-250, (2) determined that the defendant had complied with General Statutes § 8-24, (3) found that the plaintiff had not met its burden of proof as to an essential allegation of its complaint—that WPCA had failed to comply with § 8-24, and (4) denied the plaintiff's motion to open or set aside the judgment. The dispositive issue resides in the third claim.

---

[1] The other defendants named in this action include Raymond O'Connor, chairman of the water pollution control authority, and William Heinrichs, town clerk.

[2] The benefits were assessed pursuant to General Statutes § 7-249, which provides in pertinent part: "At any time after a municipality, by its water pollution control authority, has acquired or constructed, a sewerage system or portion thereof, the water pollution control authority may levy benefit assessments upon the lands and buildings in the municipality which, in its judgment, are especially benefited thereby, whether they abut on such sewerage system or not, and upon the owners of such land and buildings, according to such rule as the water pollution control authority adopts, subject to the right of appeal as hereinafter provided."

The chronology of the Orange sewer facility project spans a period of over twenty years. In the 1970s, the town of Orange, pursuant to a 1967 order to construct sewer facilities in the town, engaged Cahn Engineers to perform a study and to prepare a preliminary plan for the sewer project. Cahn submitted a preliminary copy of the plan to the Orange planning and zoning commission in May of 1977. This preliminary plan was not introduced into evidence at trial, nor was there any mention of the submission in the WPCA minutes. The planning and zoning commission responded by letter that the plan met the general needs for the area.

The bonding for the proposed sewer was approved at a town meeting in 1985.[3] Construction began in 1986, was completed in 1989 and an assessment was levied against the plaintiff, the owner of a parcel of property on which the sewer was constructed, in the amount of $488,700. The plaintiff appealed to the Superior Court under General Statutes § 7-250, claiming (1) the assessment exceeded the special benefit to its property and (2) the WPCA failed to refer its proposal to locate or extend the sewerage system to the planning and zoning commission, as required by General Statutes § 8-24. The trial court found in favor of the plaintiff on the first issue and reduced the assessment to $336,000. The trial court found in favor of the defendants on the second issue. The plaintiff filed a motion to open or set aside the judgment, which was denied by the court. The plaintiff has appealed from both the judgment of the trial court and the denial of this motion.

In its fourth amended complaint, filed two days before the commencement of trial, the plaintiff alleged that "[i]n assessing the premises, the defendant WPCA

[3] General Statutes § 7-250 provides in pertinent part: "No assessment shall be made until after a public hearing before the water pollution control authority at which the owner of the property to be assessed shall have an opportunity to be heard concerning the proposed assessment."

acted illegally and in abuse of its discretion and authority in that it had failed to comply with the requirements of General Statutes § 8-24; more specifically, in that it failed to submit or refer its proposal to locate or extend public utilities for sewerage . . . to the Orange Town Plan[ning] and Zoning Commission for a report and action prior to locating or extending the sewerage system, as required by General Statutes § 8-24."

The trial court concluded that "the plaintiff had not proven by a fair preponderance of the evidence its allegations that no referral was made [to the planning and zoning commission] and that the commission never made a report on the construction of the sewer line." The plaintiff argues that the trial court incorrectly concluded that the plaintiff bore the burden of proof of noncompliance with General Statutes § 8-24; that, because proof of such a fact was "proof of a negative," the burden should have shifted to the defendant to prove compliance with the statute since the defendant was the party with greater access to the information. We agree with the trial court.

" 'As is true in all cases, the plaintiff must prove the allegations of his complaint.' " *Bridge Street Associates* v. *Water Pollution Control Authority,* 15 Conn. App. 140, 143–44, 543 A.2d 1351 (1988); *Janow* v. *Ansonia,* 11 Conn. App. 1, 8, 525 A.2d 966 (1987); *Anderson* v. *Litchfield,* 4 Conn. App. 24, 28, 492 A.2d 210 (1985); *Southland Corporation* v. *Vernon,* 1 Conn. App. 439, 443, 473 A.2d 318 (1984) (ordinarily, the allegation of facts allocates the burden of proof to the party pleading them). The standard of proof is that of a fair preponderance of the evidence. *Faith Center, Inc.* v. *Hartford,* 39 Conn. Sup. 142, 154, 473 A.2d 342 (1982), aff'd, 192 Conn. 434, 472 A.2d 16, cert. denied, 469 U.S. 1018, 105 S. Ct. 432, 83 L. Ed. 2d 359 (1984). The trial court's conclusion that the plaintiff failed to prove the allegations of his complaint is a conclusion based on factual determinations. Where the factual basis of the trial

court's decision is challenged on appeal, it is the function of this court to determine whether the facts set out in the memorandum of decision are supported by the evidence. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980).

Our review of the record reveals no evidence establishing that the defendant failed to refer the proposal for the sewerage system to the planning and zoning commission or that the commission never made a report on the construction of the sewer line, and thus supports the conclusion of the trial court. The plaintiff seeks to cull from the testimony of Raymond O'Connor, the chairman of the WPCA, support for its assertion that there had been no proposal submitted to the planning and zoning commission. O'Connor's testimony, however, indicates the contrary. O'Connor testified that he "vaguely remember[ed] [referring the proposal to the commission], because [he] also remember[ed] personally going before the Inlands Wetlands Commission to get approval for it. So . . . if it was required [that the WPCA] go before Planning and Zoning, [the WPCA] would have gone before Planning and Zoning." He continued that if the WPCA minutes did not reflect that such a proposal had been made, it was not because the proposal had not been made, but because reference to the proposal had been omitted from the minutes. Moreover, the trial court had the opportunity to hear the testimony and to observe the demeanor and the attitudes of the witnesses.

Because we conclude that the facts set forth in the trial court's memorandum of decision are supported by the evidence, we affirm its judgment. The trial court was justified in assigning to each party the burden of proving the facts affirmatively asserted in the pleadings to be true.[4]

---

[4] Additionally, the mere fact that a party is required to prove a negative does not mandate that the burden of proof regarding that issue shifts to

Finally, the plaintiff claims that the trial court improperly denied its motion to open or set aside the judgment. A motion to open and vacate judgment is addressed to the trial court's discretion. *Celanese Fiber* v. *Pic Yarns, Inc.*, 184 Conn. 461, 466–67, 440 A.2d 159 (1981). The ruling of a trial court on a motion to open or set aside the verdict will not be overturned on appeal unless the trial court acted in clear abuse of its discretion. *Robinson* v. *ITT Continental Baking Co.*, 2 Conn. App. 308, 313–14, 478 A.2d. 265 (1984).

The plaintiff attached a copy of the preliminary plan to its motion in order to demonstrate that the plan was incomplete and could not constitute an official submission as required by General Statutes § 8-24. The plan was obtained from the local library subsequent to the rendition of judgment in this case. There is no evidence that this information was not available at the time of trial. To the contrary, the plaintiff conceded that it was a conscious choice not to introduce the preliminary plan into evidence at trial. Thus, the plaintiff's motion to open or set aside the verdict is no more than an attempt to present evidence that the plaintiff failed to present at trial. The trial court did not abuse its discretion in denying the plaintiff's motion.

The judgment is affirmed.

In this opinion the other judges concurred.

the opposing party. See *Slicer* v. *Quigley*, 180 Conn. 252, 261, 429 A.2d 855 (1980); *State* v. *Beauton,* 170 Conn. 234, 239–43, 365 A.2d 1105 (1976).