[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE #110
The following facts are alleged in plaintiff's complaint filed April 11, 1991. Plaintiffs, Northgate Business Park Association (Association) and Adolf J. Habermeier, filed this mandamus action to compel the defendants, Edward A. Ferrari, Alice A. Clack and Jeffrey J. Ives, to call a special town meeting for the purpose of accepting Northgate Drive in the town of Windsor Locks as a public highway. The defendants are the members of the Board of Selectmen of the Town of Windsor Locks. The first named plaintiff, the Association, a Connecticut non-stock corporation, is the association of lot owners within Northgate Business and Industrial Park in Windsor Locks. The second named plaintiff, Adolf F. Habermeier, is a member of the Association, is the owner of Lot #8 in the same Industrial Park and has been the president and director of the Association.
Plaintiffs attached to their complaint a petition certified by the Town Clerk of the Town of Windsor Locks and containing signatures of 25 persons entitled to vote at town meetings. The petition calls upon the Selectmen defendants to convene a town meeting to vote on a resolution requesting that Northgate Drive be accepted as a public highway.
On July 3, 1991, defendants filed a motion to strike plaintiffs' complaint pursuant to Practice Book 152 based upon the following grounds:
 (1) The matter which the petitioners desire to have considered at the meeting they seek is not one within the proper scope of actions which may be taken at a town meeting;
(2) The allegations of the complaint are CT Page 1365 legally insufficient in that they fail to state a claim upon which relief can be granted; and
 (3) The complaint is legally insufficient because of the absence of necessary parties.
Both parties have timely filed memoranda of law pursuant to Practice Book 155.
A motion to strike tests the legal sufficiency of a pleading. Practice Book 152. A motion to strike admits all facts well-pleaded; however, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Thus "[i]n determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action or a defense." County Federal Savings and Loan Assn. v. Eastern Associates, 3 Conn. App. 582,585-86, 491 A.2d 401 (1985). A motion to strike is appropriate to challenge the legal sufficiency of a complaint seeking mandamus. Practice Book 545.
"Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes." Golab v. New Britain, 205 Conn. 17, 19,. 529 A.2d A.2d 1297 (1987). Mandamus is available only when
 "(1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy."
Id., quoting Bahramian v. Papandrea, 184 Conn. 1, 3,440 A.2d 777 (1981).
The defendants argue in their memorandum in support of their motion to strike that the plaintiffs' complaint is legally insufficient because the plaintiffs fail to allege compliance with the requirements of General Statutes 8-24 and have, therefore, not proposed a matter that is proper to come before a town meeting pursuant to 1005 A of the Charter of the Town of Windsor Locks. The defendants further argue that the plaintiffs have failed to allege the three necessary conditions for an order of mandamus to be issued. CT Page 1366
The defendants' final argument is that all the signatories to the petition are necessary parties to the action and their absence requires that the defendants' motion to strike be granted. However, the defendants have provided no law in their memorandum in support of this argument. Practice Book 158 states in pertinent part that "[e]ach motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." "A memorandum of law in support of a motion to strike which does not cite any legal authority does not comply with Practice Book 155." Roy v. Borgesano, 3 CSCR 358
(March 21, 1988, Purtill, J.). Because the defendants have failed to provide any law in support of their claim that the plaintiffs have failed to join necessary parties, as required by the Practice Book, this ground cannot be considered in ruling on the motion to strike.
The defendants include in their memorandum of law the argument that its motion to strike must be granted on the ground that the Association is misjoined as a plaintiff. This ground, however, was not one of the grounds raised in the defendants' motion to strike. Practice Book 154 states in pertinent part that "[e]ach motion to strike . . . shall distinctly specify the reason or reasons for each . . . claimed insufficiency." Because the defendants distinctly specified in their motion to strike that the plaintiffs' complaint was legally insufficient because of the absence of necessary parties, their discussion in their memorandum of law regarding the disjoinder of the Association is not properly before the court and need not be addressed.
The plaintiffs argue in opposition to the defendants' motion to strike that contrary to the defendants' argument, the plaintiffs have complied with General Statutes 8-24. The plaintiffs further argue that although the plaintiffs properly state the prerequisites to a successful mandamus action, these prerequisites need not be pled by the plaintiffs. The plaintiffs argue that Practice Book 110 provides that any duty which the law implies from the facts pleaded does not have to be specifically alleged.
General Statutes 8-24 states in pertinent part:
 No municipal agency . . . shall . . . accept . . . any street . . . or other publicway . . . until the proposal to take such action has been referred to the [planning] commission for a report . . . . A proposal disapproved by the commission shall be adopted by the municipality . . . only after CT Page 1367 the subsequent approval of the proposal by (A) a two-thirds vote of the town council where one exists, or a majority vote of those present and voting in an annual of special town meeting . . . .
Section 1005 of the Windsor Locks town charger states in pertinent part:
 Upon petition filed with the Town Clerk and signed by twenty persons entitled to vote at Town Meetings, petitioning for the warning and convening of a Special Town Meeting, said petition to be in accordance with the provisions of Section 7-9
of the General Statutes and to contain the matter or text of the proposed ordinance or resolution to be considered at said Special Town Meeting, the Town Clerk shall, within ten days, determine whether or not the petition contains the required number of valid signatures, and if it does, shall so certify to the Board of Selectmen within said ten days. Said petition may propose consideration of any matter proper to come before a Town Meeting. Upon receipt of such certification from the Town Clerk, the Board of Selectmen shall, within fourteen days thereafter, cause to be convened a Special Town Meeting, which meeting may be adjourned from time to time as the interest of the Town requires. At said Special Town Meeting, the only matters that may be considered shall be those matters set forth in said petition.
Section 1008 of the Windsor Locks town charter enumerates actions that require a town meeting. Section 1008E states that a town meeting is required for "the acceptance as Town roads of existing or proposed roads."
The language of General Statutes 8-24 clearly states that a municipal agency cannot accept a street until the proposal to accept that street has then referred to the planning commission for a report. Although 1008E of the Windsor Locks town charter requires that a town meeting be called for acceptance of the road, that section does not obviate the requirement of General Statutes 8-24 that the proposal for acceptance be referred to the planning commission for a report for "[w]here the charter and general laws of the state are not in conflict, they are of equal dignity." 62 C.J.S., Municipal Corporations 13.
The plaintiffs do not allege in their complaint that their proposal that Northgate Drive be accepted as a public CT Page 1368 highway was referred to the planning commission for a report. Compare Northeast Enterprises v. WPCCA, 26 Conn. App. 540. Because the plaintiffs have failed to allege compliance with the requirement of 8-24, they have not proposed a matter that is proper to come before a town meeting. Because the plaintiffs have not alleged compliance with 8-24, the plaintiffs have failed to allege either a duty on the part of the defendants to call a special town meeting or a legal right held by the plaintiffs to have a special town meeting called. Accordingly, plaintiffs have not alleged sufficient facts to support a claim for mandamus. The defendants' motion to strike the plaintiffs' complaint is therefore granted.
Burns, J.