[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON ACCEPTANCE OR REJECTION OF FACT FINDER'S REPORT
Plaintiffs' action is for the return of a security deposit paid pursuant to a purchase agreement for real estate. This matter was assigned to a Factfinder after the issues were joined. The Factfinder recommended that the plaintiffs recover their security deposit. Factfinder's report, dated April 28, 1992, placed the burden upon the defendant to prove his damages. The burden is upon the plaintiffs, not the defendant, to prove their case by a preponderance of the evidence. Northeast Enterprises v. Water Pollution Control Authority, 26 Conn. App. 540, 543
(1992). The defendant has no affirmative burden, as placed CT Page 10698 upon his shoulders by the Factfinder, to prove the plaintiffs' allegations in their complaint. Id.
The purchase contract contained a mortgage contingency clause requiring notice by the buyers to the seller if the buyers could not obtain a mortgage, and desired to terminate the agreement with a return of the deposit money. The buyers, as found by the Factfinder, did not give such notice, but now seek the return of the deposit. Once the mortgage contingency clause in the contract was eliminated, the default clause in the contract provided for the seller to retain the deposit as liquidated damages in the event of the buyers' breach.
The Factfinder ignored the conditions dealing with liquidated damages. The Factfinder considered the general law of damages dealing with foreseeable damages, and consequential damages rather than consider the effect of the liquidated damage clause in the contract.
A provision in the contract which allows liquidated damages for breach of a contract is enforceable if three conditions are satisfied: (1) the damages are uncertain or difficult to prove; (2) there was an intent by the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable. Hanson Development Co. v. East Great Plains Shopping Center, Inc., 195 Conn. 60, 64-5
(1985).
Based upon the foregoing reasons, and pursuant to Conn. Gen. Stats. 52-5495, the findings of the FactFinder are rejected and the matter is remanded to another FactFinder for a rehearing consistent with this decision.
Aronson, J.