[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 22, 1997
The plaintiff, Richard Davis, individually, and on behalf of his minor daughter, Alicia Davis, brought this personal injury action alleging that Alicia Davis suffered severe injuries as a result of a bicycle accident caused by potholes, dirt and debris located on a road that was owned, controlled and maintained by the defendant, Cedarhurst Association. Subsequently, the defendant filed an apportionment complaint pursuant to General Statutes § 52-572h against the Town of Newtown alleging that General Statutes § 13a-149 imposes a duty upon the Town to keep and maintain roads within its territorial limits in a reasonably safe condition, that the Town assumed such a duty with regard to the roads within Cedarhurst, and that in the event that the defendant is found liable for the plaintiff's injuries and losses, the Town is responsible for its proportionate share of any damages awarded to the plaintiff, consistent with its degree of fault.
In Lukas v. New Haven, 184 Conn. 205, 439 A.2d 949 (1981), our Supreme Court held that "§ 52-572h does not apply to actions CT Page 3692 for personal injuries based on General Statutes § 13a-149." Lukasv. New Haven, supra, 212. The court reasoned: "It is settled law in this state that the liability of the defendant under § 13a-149
is purely for breach of a statutory duty and does not arise from negligence . . . The liability imposed under § 13a-149 was one not known at common law . . . The language of § 52-572h is unambiguous; it provides that comparative negligence principles apply: `In causes of action based on negligence . . .' (Emphasis added.) General Statutes § 52-572h(a)."[1] (Citations omitted.)Id. This reasoning has been echoed by several Supreme and Appellate Court decisions rendered since Lukas. See, e.g.,Durniak v. August Winter Sons, Inc., 222 Conn. 775, 781-82,610 A.2d 1277 (1992) (concluding in the context of a worker's compensation claim that Section 52-572h applies only to causes of action based on negligence and does not govern statutory causes of action that have no common law counterpart); Foster v.Waterford, 186 Conn. 692, 694 n. 3, 443 A.2d 490 (1982) (stating that § 52-572h does not apply to actions brought under § 13a-149); Janow v. Ansonia, 11 Conn. App. 1, 7, 525 A.2d 966
(1987) (same).
While the language in Steele v. Stonington, 225 Conn. 217,622 A.2d 551 (1993), discussing the "paper thin" distinction between an action grounded in negligence and one brought under § 13a-149 is compelling, Steele is not directly controlling in the present circumstances for two reasons. See Steele v.Stonington, supra, 220-21. First, Steele does not address the applicability of § 52-572h to municipal highway defect actions brought under § 13a-149. Second, even accepting the "paper thin" distinction between a negligence action and one brought under § 13a-149, this rationale in Steele does not overcome the holding in Lukas that § 13a-149 is a statutorily created cause of action that did not exist at common law, and that § 52-572h does not apply to statutory causes of action that have no common law counterparts. Therefore, absent Supreme Court precedent or legislative mandate clearly overruling the unambiguous holding inLukas, this court is obliged to apply the rule stated therein to the present case.
Accordingly, the municipality's motion to strike the apportionment complaint is granted.
STODOLINK, J.