[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a suit brought against the City of New Haven for money damages for personal injuries allegedly received by the plaintiff when she fell on a public street in the City of New Haven on January 21, 1997. The cause of the fall is alleged to be a "significant depression" in the pavement of the street where she was walking. The complaint alleges that the defendant breached is statutory duty in one or more of the following ways: in that the street pavement area was in a serious state of CT Page 7636 disrepair; in that the street was not reasonably safe for the uses and purposes intended; in that the defendant in exercise of reasonable care and inspection, should have known of these conditions and should have remedied the same.
The amended complaint alleges that the aforesaid statutory duties were imposed upon the defendant by virtue of General Statutes 7-148(c)(6)(C)(i) and (iii). These statutes do not give rise to any duty on the part of the defendant to the plaintiff. However, the case was tried and argued as though the action had been brought under the appropriate statute, Section 13a-149, and the court will consider it as brought under that statute.
The plaintiff testified that she fell on High Street when she stepped in the depression shown in plaintiffs Exhibit 1. As a result of the fall she sustained a broken foot and other injuries. She incurred several thousands of dollars in medical expense and was out of work for about five weeks. She testified in detail as to her various injuries, losses, and her treatment, which still continues. Many of the injuries and losses about which she testified are not included in the allegations of the complaint.
The basis of the plaintiffs claim is that the defendant City failed to keep the street free of a defective condition.
 "In order to recover under [a] complaint for breach of statutory duty, the plaintiff must prove, by a preponderance of the evidence (1) that the highway was defective in the manner claimed. (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the municipality, it should have known of the defect, (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it, having had a reasonable time, under all the circumstances, to do so, and (4) that the defect must have been the sole proximate cause of the injuries claimed, when means that the plaintiff must prove freedom from contributory negligence. Lukas v. New Haven, 184 Conn. 205, 207, 439 A.2d 949 (1981)." (Emphasis added.) Janow v. Ansonia, 11 Conn. App. 1, 2-3, 525 A.2d 966
(1987); see also Hall v. Burns, 213 Conn. 446, 462, 569 A.2d 10 (1990). Cohen v. Hamden, 27 Conn. App. 487, 491
(1992).
CT Page 7637 The plaintiff claims that she has proven that the defendant had constructive notice of the defect which caused the plaintiffs fall, and failed to remedy it, despite having had a reasonable time to do so. There was no testimony which would tend to prove that the defendant had constructive notice of the alleged defect and a reasonable opportunity to remedy it. It is the plaintiffs claim that, solely from viewing plaintiffs Exhibits 1 and 3, this court should draw the inference that the condition shown in those photographs had existed for such a period of time that the defendant should have discovered it and remedied it. Triers of fact properly can draw reasonable inferences from facts which have been proven. However, the inference which the plaintiff is asking the court to draw is not a reasonable one and the court will not do so.
Therefore, since the plaintiff has failed to prove that the defendant had actual or constructive notice of the existence of the alleged defect and a reasonable opportunity to remedy it, she has failed to prove one of the essential elements of her cause of action.
Judgment may enter in favor of the defendant.
William L. Hadden Judge Trial Referee