[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs instituted this proceeding against the defendant, City of Danbury, as a result of a slip and fall suffered by Janet Mastrolillo. Count one alleges a violation of the defective highway statute, § 13a-149 of the General Statutes, and count two alleges loss of consortium by the husband. The defendant moved for summary judgment on both counts, arguing that the plaintiffs failed to allege due care as required by the statute and may not, as a mater of law, recover for loss of consortium under this statute. In response, the plaintiffs filed a request for leave to amend their complaint, which the defendant has objected.
"The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court." (Internal CT Page 9237 quotation marks omitted.) Eisenbach v. Downey, 45 Conn. App. 165,181, cert. denied, 241 Conn. 926 (1997). In addition, "[w]hile our courts have been liberal in permitting amendments, this liberality has limitations. Amendments should be made seasonably, Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." (Citations omitted; internal quotation marks omitted.) Tarzia v.Great Atlantic and Pacific Co., 52 Conn. App. 136, 142 (1999). After much consideration, this court sustains the defendant's objection to the plaintiff's request to amend.
Turning to the merits of the motion, under the defective highway statute, to establish liability, the plaintiff has the burden of proving the exercise by him of due care. Rodriguezv. New Haven, 183 Conn. 473, 476 (1981). "[A]lthough the defective highway statute incorporates a standard similar to that used in ordinary negligence actions, the cause of action is still one for breach of a statutory duty, not one for negligence."Mainolfi v. Frankel, Superior Court, judicial district of Ansonia/Milford at Ansonia, Docket No. 037560 (August 18, 1993,Curran, J.) (8 C.S.C.R. 943). As a result, the comparative negligence statute, § 52-572h of the General Statutes, does not apply to these actions. See McGuinness v. Town of Hamden, Superior Court, judicial district of New Haven, Docket No. 401629 (January 28, 1998, Silbert, J.) (21 Conn. L. Rptr. 289). Moreover, "[since the defective highway statute is penal, as well as remedial, in nature, it is to be construed strictly. Under such a construction, in order for the plaintiff to recover, he must have sustained damage while using the defective road `with due care and skill.'" Janow v. Ansonia, 11 Conn. App. 1, 3 (1987), quoting,Bartram v. Sharon, 71 Conn. 686 (1899). Finally, allegations of due care must be specifically pleaded in a defective highway claim brought against a municipality and cannot be presumed. SeeJanow v. Ansonia, supra, 4.
The plaintiffs have failed to allege due care in the first count of their complaint. Therefore, since there is no genuine issue of material fact, summary judgment is granted as to count one.
With respect to count two, our Supreme Court has held that "in providing that `no cause of action' shall be maintained in nuisance or negligence that might be brought under the highway defect statute, the legislature eliminated the victim's spouse's CT Page 9238 right to recover for loss of consortium." Sanzone v. Board ofPolice Commissioners, 219 Conn. 179, 198-99 (1991). The Court went on to state that "[s]ection 13a-149 does not permit damages for loss of consortium, but permits recovery only by the injured "`traveler.'" Id., 199. Therefore, the second count of the complaint, alleging loss of consortium by the victim's husband, cannot withstand this motion.
The motion for summary judgment as to counts one and two is, accordingly, granted.
Moraghan, J.