[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
According to the case of Bhinder v. Sun Company Incorporated,246 Conn. 223 (1998), it appears that the motion to strike should be granted. There is language within Bhinder, which states that a city may not be sued in an apportionment complaint under General Statutes §13a-149 (the highway defect statute) as the cause of action arises from a statute, and not from pure negligence. Further research on this issue indicates that the Supreme Court has held this way in numerous other cases which are more on point than Bhinder. See Foster v. Waterford,186 Conn. 692, 696, 443 A.2d 490 (1982); Lukas v. New Haven, 184 Conn. 205,212, 439 A.2d 949 (1981); Sanzone v. Board of Police Commissioners,219 Conn. 179, 203 n. 15, 592 A.2d 912 (1991).
Indeed in Lukas v. New haven, the court, when interpreting General Statutes § 52-572h stated "[h]ad the legislature intended the comparative negligence statute to apply to actions brought under §13a-149, it could have explicitly done so by including specific language to that effect." Id., 212.
The two cases cited by the defendant do suggest that a city may be sued for apportionment under General Statutes § 52-572h. Barrett v.Scozzafava, Superior Court, judicial district of Waterbury, Docket No. 117972 (November 2, 1994, Sullivan, J.); Theriault v. Star of the SeaChurch, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 477915 (September 15, 1997, Stengel, J.). Neither of the decisions address specifically whether a municipality is subject to apportionment in a statutory cause of action under General Statutes §52-572h.
Also, in Dolson v. Baier Construction Company, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 151171 (October 24, 1996, Lewis, J.), the court determined that when a suit is brought under General Statutes § 52-572h, the state is immune from damages which occurred as a result of a defective highway and can not be sued under General Statutes § 13a-149. This immunity is based on the courts reading of Public Act 95-111, which amended General Statutes CT Page 14622 § 52-102, and provided in relevant part that "[n]o person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to § 52-572h of the General Statutes." There are currently no decisions which specifically extend this holding to municipalities. However, logically it should be so extended.
The motion to strike filed by the plaintiff is hereby granted.
D. Michael Hurley, Judge Trial Referee